SIERRA CLUB, The Wilderness Society, and the Texas Committee on Natural Resources, Plaintiffs,

v.

Richard E. LYNG, et al., Defendants.

Civ. A. No. L–85–69–CA.

United States District Court,
E.D. Texas,
Lufkin Division.

Jan. 19, 1988.

Doug L. Honnold, Boulder, Colo., for plaintiffs Sierra Club and Wilderness Soc.

Edward C. Fritz, Dallas, Tex., for plaintiff Texas Committee on Natural Resources.

Ruth Harris Yeager, Asst. U.S. Atty., Tyler, Tex., Charles Brooks, and Wells D. Burgess, U.S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER

ROBERT M. PARKER, District Judge.

Before the court are the Defendants' Motion to Dismiss the Texas Committee on Natural Resources' ("TCONR") Second Amended Complaint; the First, Second, and Third Motions of TCONR for Production; the Defendants' Motion for a Protective Order; and the Sierra Club and Wilderness Society's Motion for Leave to File a First Amended Complaint. Upon direction of the court, the Honorable Harry W. McKee, United States Magistrate, conducted a hearing on these motions on January 15, 1988.

The court, after examining the filings, reviewing the arguments contained therein, and considering the oral arguments of counsel presented at the hearing, has determined that the Defendant's Motion to Dismiss TCONR's Second Amended Complaint is GRANTED IN PART and DENIED IN PART. Dismissal of claims asserted relating to a "taking" of the Red–Cockaded Woodpeckers are hereby TAKEN UNDER ADVISEMENT. Furthermore, TCONR's First, Second, and Third Motions for Production are GRANTED and the Defendant's Motion for a Protective Order is DENIED. Finally, the Sierra Club and Wilderness Society's Motion for Leave to File a First Amended Complaint is also GRANTED IN PART and DENIED IN PART.

## DISCUSSION

### Background

The Plaintiffs Sierra Club and The Wilderness Society (hereinafter "Sierra Club"), and TCONR bring this action against Richard E. Lyng, Secretary of Agriculture, and a number of other officials of the United States Forest Service (hereinafter "Forest Service" or "Government"), seeking declaratory and injunctive relief to set aside various plans and/or programs of management of the National Forests in Texas, arguing that such plans are in violation of the Wilderness Act, 16 U.S.C. Sections 1131–1136; the Endangered Species Act, 16 U.S.C. Sections 1531–1543; the National Environmental Policy Act (NEPA), 42 U.S.C. Sections 4321–4361; and the National Forest Management Act (NFMA), 16 U.S.C. Sections 472a, et seq.

The Plaintiffs, local and national environmental groups, argue that certain management practices of the Forest Service, particularly those activities to control spread of the Southern Pine Beetles and "even-aged" management generally, are contrary to law and have a deleterious effect upon the National Forests in Texas. The primary issue before the court today is whether claims contained in TCONR's Second Amended Complaint (relating to the Final Land and Resource Management Plan) are subject to judicial review while administrative action is pending.

Four administrative decisions are being challenged in this action at its current stage. For purposes of clarity, the court

will necessarily analyze each challenged action in turn.

### A. The Final Land & Resource Management Plan

■ The Government seeks dismissal of TCONR's Second Amended Complaint, arguing that with respect to TCONR's challenge of the "Final Land and Resource Management Plan, National Forests and Grasslands—Texas" (hereinafter "LRMP" or "Forest Plan") and its accompanying Final Environmental Impact Statement ("LRMP EIS" or Forest Plan EIS), administrative remedies have not yet been exhausted. The Government asserts that court action relating to the Forest Plan and Forest Plan EIS is premature at this time. The court agrees with this conclusion.

The Forest Plan and the Forest Plan EIS were promulgated pursuant to NFMP, 16 U.S.C. Section 1600, et seq., by the Regional Forester in a Record of Decision on May 20, 1987. TCONR and a local chapter of the Sierra Club timely filed an administrative appeal under 36 C.F.R. 219.10(d) challenging the Forest Plan. Both of those appeals, including appeals by others who are not parties to this action, are currently pending before the Forest Service. The substance of TCONR's appeal addresses similar, if not identical, arguments that are contained in its Second Amended Complaint relating to the effects of "even-aged" timber management and clearcutting on the environment of the National Forests. Beasley Affidavit, p. 6.

Specifically, TCONR argues that the Forest Service's plan of even-aged management (clearcutting, shelterwood cutting, and seed-tree cutting) has an adverse impact upon the plant and animal diversity, soil retention, recreational use, aesthetics, and other uses of the National Forests, in violation of the NFMA, 16 U.S.C. Section 1604(g)(3)(B), and the pertinent regulations, 36 C.F.R. Sections 219.19 and 219.26. Moreover, TCONR maintains that clearcutting and even-aged management has caused, and continues to cause, a decline in the number of Red–Cockaded Woodpeckers, an endangered species located in many

of the forests in question. TCONR maintains that 100% even-aged management and clearcutting of 60% of the land suitable for timber management, as opposed to uneven-aged cutting is not the "optimum method" of management mandated by the Congress under NFMA, 16 U.S.C. Section 1604(g)(3)(F)(i).

It is uncontested that TCONR's appeal of the LRMP and LRMP EIS remains pending before the agency. However, the Plaintiffs argue that this court should not apply the doctrine of exhaustion of administrative remedies, because of irreparable harm which will occur between now and the time the appeal is decided. The Plaintiffs also assert that the Forest Service may delay resolution of the appeal to prolong the current cutting practices, thereby permitting the court to intercede.

At the hearing Mr. Wells D. Burgess, counsel for the Government, assured the court that the appeal would most likely be decided in eight months from the hearing date (by September 15, 1988), but no longer than fifteen months from the hearing date (by April 15, 1989). The government and officials of the Forest Service present at the hearing represented to the court that approximately 5,000 acres out of the approximately 460,000 acres of the Texas National Forests would be subject to even-aged management between now and the time the appeal will be decided (April 15, 1989), which would affect approximately 100 to 120 of the 400 "compartments" (administrative units) contained therein.

After examining these figures, the court concludes that the anticipated delay is not so unreasonable as to warrant the court's intervention at this point in the administrative proceedings. Excessive administrative delay can be an exception to the exhaustion requirement, however eight to fifteen months more, does not appear to be excessive in this instance. While the Sierra Club argues that appeals and remands sometimes take years to complete, at this point in time, the court does not consider eight to fifteen months to be excessive.

The Plaintiffs also argue that the forests and the endangered Red–Cockaded Woodpeckers will be irreparably harmed in the interim. The Government's reports do show that the population of the Red–Cockaded Woodpecker has declined significantly in recent years, dropping in population by 41% from 1983 to 1987 in the Davey Crockett National Forest, and by 76% in the Sabine National Forest from 1978 to 1987. Conner & Rudolph, *Red–Cockaded Woodpecker Colony Status and Trends*, U.S.D. A.—Forest Service, at 6. Although it may eventually be shown that clearcutting and even-aged management affects the woodpecker colonies adversely, it is not absolutely clear, at this point in the proceedings, that such is the case. While some 5,000 acres will be subject to even-aged management and clearcutting while the appeal is pending, the court concludes that irreparable harm has not been shown that would warrant judicial intervention at this time.

Courts have been reluctant to interfere with the agency administrative processes prematurely, and as the U.S. Supreme Court has noted,

> ... since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or expertise ... notions of administrative autonomy require that the agency be given a chance to discover and correct its own errors.

*McKart v. United States*, 395 U.S. 185, 193–95, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969). Furthermore to waive exhaustion of administrative remedies the law in this circuit requires "a clear showing of irreparable injury," and the Fifth Circuit has admonished that, "courts should interrupt the orderly flow of administrative proceedings only under extraordinary circumstances," *Merrill Lynch, etc. v. National Ass'n of Securities Dealers, Inc.*, 616 F.2d 1363, 1370 (5th Cir.1980).

The facts shown to the court at this point in the proceedings do not meet this requirement. However, this finding does not preclude judicial relief at a future time, should the Woodpecker population fall dangerously low as a result of the Forest Service's practices. In conclusion, with respect to claims in TCONR's Second Amended Complaint relating to the challenge of the LRMP and the LRMP EIS, the Defendants' Motion to Dismiss is GRANTED. Plaintiffs have asserted a claim under the Endangered Species Act, arguing that a taking of the Red–Cockaded Woodpecker has occurred. The court necessarily excepts said claim from the motion to dismiss, and takes this matter UNDER ADVISEMENT, and will issue an order in the near future.

**B. Forest Service's Denial of Stay Pending Appeal**

On August 14, 1987, the Chief of the Forest Service denied TCONR's request for a stay pending a decision on the LRMP Appeal, pursuant to 36 C.F.R. 211.-18, stating that, "to defer harvest or other related activites for this length of time (until the appeal was decided) could have a serious effect on the wood products industry that relies on the timber from these Forests ..." Decision of Forest Service Chief Denying TCONR's Stay, Aug. 14, 1987, at 3.

TCONR challenges this decision as being arbitrary, capricious, and an abuse of discretion. The Government concedes that the denial of the stay is final action and that administrative remedies have been exhausted. Therefore, with respect to the claim based upon a denial of the stay, the Defendants' Motion to Dismiss is DENIED.

**C. Southern Pine Beetle Supression Program**

On April 6, 1987, the Chief of the Forest Service issued a Record of Decision selecting a program to suppress infestations of the Southern Pine Beetle, and an accompanying Final Environmental Impact Statement relating to this program. The Government concedes that this TCONR has exhausted its administrative remedies with respect to this claim. Therefore, the Defendants' Motion to Dismiss, with respect claims challenging the Southern Pine Beetle Suppression Program and EIS is DENIED.

**1260**

**D. Forest Service's Dismissal of TCONR's Appeal Concerning Prescriptions in the Angelina National Forest**

On September 3, 1987, the Chief of the Forest Service issued a decision affirming the dismissal of TCONR's appeal regarding prescriptions in the Angelina National Forest for untimeliness. The Government does not challenge judicial action on this matter, therefore, the Motion to Dismiss is DENIED, as it relates to this claim.

*Discovery Matters*

The court has concluded that TCONR's motions for production are meritorious and therefore are GRANTED. The Defendants' motion for a protective order is DENIED, and the Defendants are directed to comply with the production of documents in accordance with proposed procedures discussed on the record at the January 15, 1988 hearing. The court also ORDERS that further discovery matters in this action shall be brought before the Honorable Harry W. McKee for determination.

*Sierra Club's First Amended Complaint*

After reviewing the arguments in the Defendant's Motion to Dismiss, and in accordance with this opinion, claims contained in the Sierra Club and Wilderness Society's First Amended Complaint relating to the Forest Plan's alleged non-compliance with NFMA may not be filed. Therefore, the Sierra Club's Motion for Leave to File a First Amended Complaint is DENIED IN PART, as it relates to NFMA claims, pending the exhaustion of administrative remedies. With respect to other claims asserted in the Amended Complaint, the court concludes that the motion for leave to file is meritorious, and it is GRANTED IN PART.

CONCLUSION

For the reasons explained above, the court has determined that the described disposition is appropriate. It is, therefore

ORDERED, ADJUDGED, AND DECREED that the Defendant's Motion to Dismiss TCONR's Second Amended Complaint is GRANTED IN PART and DENIED IN PART. It is further,

ORDERED that claims under the Endangered Species Act are excepted from the Motion to Dismiss and are hereby, TAKEN UNDER ADVISEMENT. It is further,

ORDERED that TCONR's First, Second, and Third Motions for Production are GRANTED and the Defendant's Motion for a Protective Order is DENIED. It is further,

ORDERED that the Sierra Club and Wilderness Society's Motion for Leave to File a First Amended Complaint is also GRANTED IN PART and DENIED IN PART. It is also further,

ORDERED that the Government will refrain from cutting within 1200 feet of a Red–Cockaded Woodpecker Colony in the National Forests until the time of trial in March of 1988, as proposed by the Government.